UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
ST. LOUIS DIVISION

| | |
|---|---|
| ROCHESTER LABORERS PENSION FUND, Individually and on Behalf of All Others Similarly Situated, <br><br> *Plaintiff*, <br><br> v. <br><br> MONSANTO COMPANY, et al. <br><br> *Defendants*. | Case No. 4:10cv1380 CDP |

**MEMORANDUM IN SUPPORT OF MOTION FOR CONSOLIDATION
AND COORDINATION FOR PRE-TRIAL PURPOSES**

Plaintiff Rochester Laborers Pension Fund filed this action on July 29, 2010. The Complaint alleges that Defendants — Monsanto Company ("Monsanto"), its Chief Executive Officer, and its present and former Chief Financial Officers — violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5 promulgated thereunder. Plaintiff alleges such claims on its own behalf and on behalf of an alleged class of purchasers of Monsanto common stock during the period between January 7, 2009 and May 27, 2010.

The complaint filed by Rochester Laborers Pension Fund alleges that the defendants made a number of false and misleading statements regarding the company's Roundup brand herbicide business and its growth prospects. The complaint cites statements made by the defendants in conference calls, at investor conferences, and in press releases and securities filings, which are claimed to have been materially false or misleading.

Over a month after the *Rochester Laborers* complaint was filed, a case styled *Kurland* v. *Atlee*, Case 4:10cv01605 HEA, was filed in this Court on August 30, 2010, and assigned to Judge Autrey. The *Kurland* case contains substantially the same allegations of materially false

or misleading statements concerning Monsanto's Roundup brand herbicide business. Indeed, many of the allegations of fact are in almost identical language to those in the Rochester Laborers complaint. Compare, e.g., Ex. 1 (*Rochester Laborers* Complaint) at ¶¶ 26, 27, 32 and 48 with Ex. 2 (*Kurland* Complaint) at ¶¶ 46, 47, 53 and 77. The annexed table illustrates the striking similarity of the allegations contained in the two complaints. *Kurland* is styled as a derivative action purportedly brought on behalf of Monsanto against its Chief Executive Officer and directors, and the complaint seeks redress for harm allegedly caused to Monsanto by the defendants.

The newly-filed *Kurland* case should plainly be consolidated to the extent set forth below with the first-filed *Rochester Laborers* case under Federal Rule of Civil Procedure 42(a) and Local Rule 42-4.03. Rule 42(a) grants discretion to a district court to consolidate separate actions when those actions "involve a common question of law or fact." The two actions address the same underlying subject matter — allegedly false or misleading statements made by Monsanto, its Chief Executive Officer, and its present and former Chief Financial Officers concerning Monsanto's Roundup brand herbicide business. Inasmuch as these cases involve the same factual allegations concerning statements that are claimed to have been materially false or misleading, these two actions involve "common question[s] of law or fact" under Rule 42 — indeed, they involve *many* common questions of law or fact. *See, e.g.*, *Polito* v. *Molasky*, 123 F.2d 258, 262 (8th Cir. 1941) (cases arising out of the "same alleged collision" involved common questions of law and fact under Rule 42(a)); *B.A.* v. *State of Missouri*, No. 4:09CV1269TIA, 2010 U.S. Dist. LEXIS 62324, at *3 (E.D. Mo. June 23, 2010) (same); *Basler* v. *Purcell Tire & Rubber Co.*, No. 4:10CV231RWS, 2010 U.S. Dist. LEXIS 28738, at *4-5 (E.D. Mo. Apr. 20, 2010) (granting consolidation of six cases in which each plaintiff alleged that same defendant

23316555\V-1

- 3 -

terminated him and replaced him with a younger, less qualified employee over a six week period; cases involved "similar legal issues and share[d] some of the same facts").

Given the substantial overlap of the factual and legal issues presented in the two actions, consolidation of the two actions "will serve the interests of convenience and economy in administration and avoid unnecessary cost or delay," including the risk of duplicative discovery. *B.A.* v. *State of Missouri*, 2010 U.S. Dist. LEXIS 62324, at *3. There is no reason for two different judges of this Court (or potentially more, if any additional such cases are filed) to have to duplicate effort on matters raising substantially identical factual allegations.

Whether or nto the two cases are formally consolidated, defendants submit that the two actions should also be coordinated before a single federal district judge so as to ensure consistency of legal rulings. *See Public Pension Fund Group* v. *KV Pharmaceutical Co.,* No. 4:08CV1859CEJ, 2009 U.S. Dist. LEXIS 34281, at *11-13 (E.D. Mo. Apr. 23, 2009) (granting motion to coordinate separate securities and ERISA actions before a single federal judge where plaintiffs in both actions "base[d] their claims on the defendants' omissions and misrepresentations in the [same] press releases" in order to "preserve judicial economy and prevent inconsistent adjudications").

At this time, consolidation and coordination is sought only as to:

>    (a)  consolidation of any discovery, including expert discovery, if the cases are not resolved by dispositive motions; and

>    (b)  coordination of any pre-trial motions and other pre-trial proceedings, and the scheduling thereof.

- 3 -

Whether any further consolidation of the actions is warranted need not be considered at this time. Federal Rule 42 is explicit that cases may be consolidated for either "any or all matters at issue in the actions," and it is common for courts to consolidate cases for only limited purposes. *See, e.g.*, *Marmo* v. *Tyson Fresh Meats*, 457 F.3d 748, 753 (8th Cir. 2006) (noting that case had been consolidated for "discovery and pretrial purposes with twelve similar cases, but each case is to be tried individually"). This Court's ruling on dispositive motions will determine what, if any, allegations may remain, and whether any further consolidation is warranted may be considered at a later time.

The *Rochester Laborers Pension Fund* case is the lowest-numbered case. Under Local Rule 42-4.03, both cases are to be assigned "to the judge presiding in the lowest-numbered case." *See Basler* v. *Purcell Tire & Rubber Co.*, 2010 U.S. Dist. LEXIS 38738, at *5-6 (ordering that all consolidated actions be consolidated with first-filed action and reassigned to the judge presiding over that case). *See also Public Pension Fund Group* v. *KV Pharmaceutical Co.*, 2009 U.S. Dist. LEXIS 34281, at *12-13 (finding that "it is appropriate that one judge should preside over the ERISA and Securities Actions" and transferring the later-filed ERISA cases to the judge handling the first-filed securities action).

                            SONNENSCHEIN NATH & ROSENTHAL LLP

                            By:      **/s/ Stephen H. Rovak**
                                Stephen H. Rovak
                                E.D. Mo. Bar No. 4218
                                One Metropolitan Square, Suite 3000
                                St. Louis, MO 63102-2741
                                Telephone: 314-259-5886
                                Fax: 314-259-5959

        WACHTELL, LIPTON, ROSEN & KATZ
        Eric M. Roth
        Ben M. Germana
        Jonathan La Chapelle
        51 West 52nd Street
        New York, NY  10019
        Telephone:  212-403-1000
        Fax:  212-403-2000

        Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filings to the following:

        John M. Parisi
        Lynn R. Johnson
        Douglas R. Bradley
    SHAMBERG, JOHNSON & BERGMAN, CHTD.
        2600 Grand Boulevard, Suite 550
        Kansas City, MO 64108

and served via U.S. Mail, postage prepaid, upon the following:

| | |
|---|---|
| David J. George | Richard B. Hein |
| Stuart A. Davidson | The Hein Law Firm, L.C. |
| James L. Davidson | Clayton Plaza West |
| ROBBINS GELLER RUDMAN & DOWD LLP | 7750 Clayton road, Suite 102 |
| 120 E. Palmetto Park Road, Suite 500 | St. Louis, MO 63117-1343 |
| Boca Raton, FL 33432 | |
| | Frank J. Johnson |
| Samuel H. Rudman | Francis A. Bottini, Jr. |
| ROBBINS GELLER RUDMAN & DOWD LLP | Albert Y. Chang |
| 58 South Service Road, Suite 200 | Johnson Bottini, LLP |
| Melville, NY 11747 | 501 W. Broadway, Suite 1720 |
| | San Diego, CA 92101 |

        */s/ Stephen H. Rovak*