**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| ROCHESTER LABORERS PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | CIVIL ACTION No. 10-1380-CDP |
| v. | |
| MONSANTO COMPANY, HUGH M. GRANT, TERRELL K. CREWS and CARL M. CASALE, | |
| Defendants. | |

**SUGGESTIONS IN SUPPORT OF MOTION OF THE ARKANSAS TEACHER RETIREMENT SYSTEM TO: (1) APPOINT LEAD PLAINTIFF; AND (2) APPROVE LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL**

I.      **INTRODUCTION**

Presently pending in this district is this securities fraud class action brought pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and §78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240 10b-5.

During the Class Period of January 7, 2009 through May 27, 2010, the Arkansas Teacher Retirement System ("ATRS") suffered losses from its transactions in Monsanto Company ("Monsanto" or the "Company") common stock of approximately $5,814,747.[1] ATRS respectfully submits these Suggestions in Support of its Motion to: (1) appoint it as Lead Plaintiff, pursuant to Section 21D of the Exchange Act, as amended, 15 U.S.C. § 78u-4; and (3) approve its choice of lead counsel, the law firm of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox").

ATRS was established in 1937 to provide retirement benefits for the employees of Arkansas' education community and manages approximately $10 billion in assets. The appointment of ATRS as lead plaintiff would satisfy a critical legislative goal in the enactment of the Private Securities Litigation Reform Act of 1995 (the "PSLRA") – to encourage sophisticated institutions with large financial interests to serve as lead plaintiff in securities class actions. *See, e.g., Western Washington Laborers-Employers Pension Trust v. Panera Bread Co.*, No. 4:08CV00120 ERW, 2008 WL 2559431, at *1 (E.D. Mo. June 23, 2008) (finding pension fund was the type of institutional lead plaintiff envisioned by Congress when

---

[1]     ATRS's transactions in Monsanto common stock during the Class Period are set forth in the Certification of George Hopkins, Executive Director of ATRS, dated September 24, 2010 (the "Hopkins Certification"). The Hopkins Certification is attached as Exhibit A to the Declaration of Jeffrey P. Campisi, dated September 27, 2010 ("Campisi Decl."). A chart setting forth ATRS's losses in Monsanto common stock is attached as Exhibit B to the Campisi Declaration.

1

the PSLRA was enacted). ATRS can both zealously litigate this action and actively supervise class counsel and has the requisite experience as a fiduciary to vigorously represent the Class in prosecuting this litigation.

## II.     PROCEDURAL BACKGROUND

On July 29, 2010, this case was commenced and the plaintiff in this action published notice to class members on *Business Wire*, as required by Section 21D(a)(3)(A)(i) of the Exchange Act (the "Notice"). *See* Campisi Decl. Ex. C. The Notice advised those who purchased Monsanto common stock of the existence of a lawsuit against the defendants and the nature of the defendants' statements, omissions and conduct which allegedly artificially inflated the price of Monsanto common stock. The Notice further advised class members of their right to move the Court to be appointed Lead Plaintiff by September 27, 2010.

ATRS moves this Court to appoint it Lead Plaintiff for the consolidated actions and approve of its choice of lead counsel.

## III.    SUMMARY OF THE ACTION[2]

Monsanto is a provider of agricultural products for farmers. ¶ 23. The Company's seeds, biotechnology trait products, and herbicides provide farmers with solutions to produce foods for consumers and feed for animals. *Id.* Monsanto operates in two segments: Seeds and Genomics, and Agricultural Productivity. *Id.* The Agricultural Productivity segment consists of the Company's crop protection products and lawn-and-garden herbicide precuts, most notably Roundup®. Roundup is a systemic, broad-spectrum herbicide containing the active ingredient glyphosate. ¶ 24. Monsanto developed and patented the glyphosate molecule in the

---

[2] The facts set forth in this section are based on the allegations in the complaint filed in this action. (Docket Entry No. 1) (the "Complaint"). "¶_" refers to paragraphs alleged in the Complaint.

1970s, and marketed Roundup starting in 1973.  *Id.*

The Complaint alleges that Defendants knew or recklessly disregarded the fact that by early-2009, demand for the Company's Roundup product was greatly decreasing due to the influx of cheaper generic products into the market, as well as other factors, leaving the Company unable to reach the growth targets that Defendants had advised the market were a near certainty just several months earlier.  ¶ 25.  Through late 2009 and early 2010, the true state of the Company's business was revealed through a series of partial disclosure events, concluding with the announcement that Monsanto was "dramatically" repositioning its Roundup business. ¶ 26.

As a result of the truth being revealed to the market through certain partial disclosures, the price of Monsanto stock dropped from a Class Period intraday high of $93.35 on May 20, 2009 to close at $50.27 by the end of the Class Period – a drop of approximately 46%.  This decline in the stock price removed the inflation from the price of Monsanto common stock, causing real economic loss to investors who had purchased Monsanto common stock during the Class Period.  ¶ 26.

## IV.   ARGUMENT

A.   **The Court Should Appoint ATRS As Lead Plaintiff**

  1.   **ATRS is the Most Adequate Plaintiff Under the Exchange Act**

Section 21D of the Exchange Act, as amended, sets forth the procedure for selection of lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-

4(a)(1).[3] Specifically, Section 21D provides that, within 20 days after the date on which a class action is filed: the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –

    (I)    of the pendency of the action, the claims asserted therein, and the purported class period; and

    (II)    that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiffs of the purported class.

15 U.S.C. §78u-4(a)(3)(A)(i).

Further, Section 21D(a)(3)(B) of the Exchange Act directs the Court to consider any motions by plaintiffs or purported class members to serve as lead plaintiff in response to any such notice within 90 days after the date of publication of the notice pursuant to Section 21D, *or* as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims.

Under this section of the Exchange Act, the court "shall" appoint the "most adequate plaintiff," and is to *presume* that plaintiff is the person which:

    (aa)    has either filed the complaint or made a motion in response to a notice . . .;

    (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

---

[3] These amendments to the Exchange Act were codified in Public Law No. 104-67, § 101 entitled the Private Securities Litigation Reform Act of 1995 (the "PSLRA" or the "Reform Act").

   (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Section 21D(a)(3)(B)(iii)(I).

  The PSLRA sets forth a three-part process for the selection of a lead plaintiff: (1) the PSLRA mandates that first plaintiff to file a class action alleging violations of the federal securities laws issues a press release notifying potential class members of the pendency of the action and informing them of their right to move to be appointed lead plaintiff within 60 days of such notice; (2) the court selects the movant with the largest financial interest and who meets the Rule 23 requirements as the presumptive lead plaintiff; and (3) the court allows other movants the opportunity to rebut the presumptive lead plaintiff's showing that it satisfies the Rule 23 typicality and adequacy requirements. *In re Cavanaugh,* 306 F.3d 726, 729-30 (9th Cir. 2002).

  Here, an appropriate notice was published, and ATRS has timely moved to be appointed lead plaintiff. Campisi Decl., Exh. C. As to the second step, under the PSLRA, a rebuttable presumption exists whereby the movant with the largest financial interest in the litigation and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the most adequate plaintiff to lead the action. 15 U.S.C. § 78u-4(a)(3)(B). Here, ATRS has a substantial financial interest in the relief sought by the class. As set forth above, ATRS has sustained losses of approximately $5,814,747. *See* Campisi Decl. Exh. B. Moreover, the ATRS is qualified to represent the proposed class. ATRS's Executive Director has signed and filed a sworn certification stating that it is willing to serve as a representative party on behalf of the class. Further, ATRS has significant experience representing shareholders in securities class actions. *See* Campisi Decl. Exh. A.

### 2. The ATRS Is Qualified Under Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act provides that the lead plaintiff or plaintiffs must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two - typicality and adequacy - directly address the personal characteristics of the class representatives. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. The court need determine only whether the plaintiff has made a *prima facie* showing of these elements. As detailed below, ATRS satisfies the typicality and adequacy requirements of Rule 23(a), thereby justifying its appointment as Lead Plaintiff in this action.

      **a.**    **The Claims of ATRS Are Typical of the Claims of The Class**

The typicality requirement of Rule 23(a) is satisfied when a named plaintiff has suffered the same injuries and possesses the same interests as the absent class members. *In re Drexel Burnham Lambert Group,* 960 F.2d 285, 291 (2d Cir. 1992), *cert. dismissed sub nom.*, 506 U.S. 1088 (1993). The claims ATRS asserts are typical of the claims of the members of

the proposed class. ATRS, as did each member of the proposed class, purchased Monsanto common stock at prices artificially inflated by Defendants' material omissions and was damaged thereby.

Therefore, typicality exists here because the claims of ATRS are based on the same legal theory and its "injuries result[ed] from the same, injurious course of conduct" as the other class members. *See Armstrong v. Davis*, 275 F.3d 849, 869 (9th Cir. 2001), *cert. denied sub nom Davis v. Armstrong*, 537 U.S. 817 (2002); *accord, In re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig.*, 122 F.R.D. 251, 256 (C.D. Cal. 1988).

### b. ATRS Will Fairly and Adequately Represent the Interests of the Class

Rule 23 requires that the class representative be able to fairly and adequately represent a class. In determining whether a representative is adequate, courts assess whether it has interests that are not antagonistic to the class, whether it has significant interest in the outcome of the case to ensure vigorous advocacy, and whether counsel for the class is qualified.

ATRS's interests are clearly aligned with the members of the proposed class, and there is no evidence of any antagonism between its respective interests and the class members. As detailed above, ATRS shares substantially similar questions of law and fact with the members of the class, and its claims are typical of the members of the class. ATRS has amply demonstrated its adequacy as a class representative. ATRS's Executive Director has stated its willingness to serve as and assume the responsibilities of lead plaintiff. Moreover, having suffered substantial losses, ATRS will be a zealous advocate on behalf of the class. In addition, it has selected counsel highly experienced in prosecuting securities class actions to represent it, as discussed *infra*. Thus, the close alignment of interests between ATRS and other

class members and its strong desire to prosecute these actions on behalf of the class provide ample reason to grant ATRS's motion for appointment as lead plaintiff in this action.

Accordingly, ATRS satisfies the prerequisites for appointment as lead plaintiff pursuant to Section 21D(a)(3)(B) of the Exchange Act.

**B.     This Court Should Approve ATRS's Choice of Lead Counsel**

The Exchange Act vests authority in the lead plaintiff to select and retain lead counsel, subject only to court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  Thus, the Court should not disturb the lead plaintiff's choice of counsel unless "necessary to protect the interests of the plaintiff class."  *See* Statement of Managers -- The "Private Securities Litigation Reform Act of 1995," 141 Cong. Rec. H13691-08, at H13700 (daily ed. Nov. 28, 1995).  ATRS has retained Kaplan Fox to serve as Lead Counsel to pursue this litigation on its behalf and on behalf of the class.  Kaplan Fox possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors.[4]  Accordingly, the Court may be assured that, in the event the instant motion is granted, the members of the Class will receive the highest caliber of legal representation available.

---

[4]     The firm resume of Kaplan Fox is attached as Exhibit D to the Campisi Declaration.

## V. CONCLUSION

For all the foregoing reasons, ATRS respectfully requests that the Court appoint it Lead Plaintiff in this action and approve its choice of Kaplan Fox as Lead Counsel.

Dated: September 27, 2010                    ARMSTRONG LAW FIRM LLC

/s/ *Matthew Armstrong*
Matthew Armstrong
8816 Manchester Road, No. 109
St. Louis MO 63144
Telephone: (314) 258-0212

STUEVE SIEGEL HANSON LLP
Norman E. Siegel
460 Nichols Road, Suite 200
Kansas City, MO, 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101

*Local Counsel*

-and-

KAPLAN FOX & KILSHEIMER LLP
Frederic S. Fox
Donald R. Hall
Hae Sung Nam
Jeffrey P. Campisi
850 Third Avenue, 14th Floor
New York, NY 10022
Tel: (212) 687-1980
Fax: (212) 687-7714

*Counsel for the Arkansas Teacher Retirement System and Proposed Lead Counsel for the Proposed Class*

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 27, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send a notice of electronic filing to counsel of record.

      /s/ *Matthew Armstrong*
      Matthew L. Armstrong