UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MISSOURI

ST. LOUIS DIVISION

| | |
|---|---|
| ROCHESTER LABORERS PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>  vs.<br><br>MONSANTO COMPANY, et al.,<br><br>       Defendants. | ) No. 4:10-cv-01380-CDP<br>)<br>) <u>CLASS ACTION</u><br>)<br>) Judge Catherine D. Perry<br>)<br>) MEMORANDUM OF LAW IN SUPPORT<br>) OF POLICEMEN'S ANNUITY AND<br>) BENEFIT FUND OF CHICAGO'S MOTION<br>) FOR APPOINTMENT AS LEAD<br>) PLAINTIFF AND APPROVAL OF LEAD<br>) PLAINTIFF'S SELECTION OF COUNSEL<br>) |

579827_1

- i -

**TABLE OF CONTENTS**

                                                                                             **Page**

I. INTRODUCTION ...........................................................................................................1

II. FACTUAL BACKGROUND ..........................................................................................2

III. ARGUMENT...................................................................................................................3

        A. The Pension Fund Should Be Appointed Lead Plaintiff.........................................3

                1. This Motion Is Timely ................................................................................4

                2. The Pension Fund Has the Largest Financial Interest in the Relief Sought by the Class........................................................................4

                3. The Pension Fund Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure ...............................................................4

        B. The Court Should Approve the Pension Fund's Selection of Counsel....................6

IV. CONCLUSION................................................................................................................6

Proposed lead plaintiff Policemen's Annuity and Benefit Fund of Chicago (the "Pension Fund") respectfully submits this memorandum of law in support of its motion for: (1) appointment as lead plaintiff in the above-referenced action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (2) approval of its selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel and Shamberg, Johnson & Bergman, Chtd. ("Shamberg Johnson") as liaison counsel for the class.

I.   INTRODUCTION

Presently pending in this district is a securities class action lawsuit brought on behalf of persons who purchased or otherwise acquired the publicly-traded common stock of Monsanto Company ("Monsanto" or the "Company") between January 7, 2009 and May 27, 2010 (the "Class Period").  This action is brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the class member with the largest financial interest in the relief sought by the class that otherwise satisfy the requirements of Fed. R. Civ. P. 23.  *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).  Here, the Pension Fund should be appointed as lead plaintiff because it: (1) timely filed its motion for appointment as lead plaintiff; (2) has the largest financial interest in the outcome of this litigation of any person of which it is aware; and (3) will adequately represent the interests of the class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  Indeed, as an institutional investor, the Pension Fund is accustomed to acting as a fiduciary and its experience in legal and financial matters will substantially benefit the class.  *See, e.g.*, *W. Wash. Laborers-Employers Pension Trust v. Panera Bread Co.*, No. 4:08CV00120ERW, 2008 U.S. Dist. LEXIS 48043, at *3-*4 (E.D. Mo. June 23, 2008) (Webber, J.) (recognizing Congress' preference for appointment of institutional investors).  Additionally, the Pension Fund's

selection of Robbins Geller to serve as lead counsel should be approved because Robbins Geller possesses extensive experience in the prosecution of securities class actions and will adequately represent the interests of all class members.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.     FACTUAL BACKGROUND

Monsanto is a provider of agricultural products for farmers including seeds, biotechnology trait products, and herbicides, most notably Roundup$^{(R)}$.

Throughout the Class Period, defendants failed to disclose material adverse facts about the Company's true financial condition, business and prospects.  Specifically, defendants failed to disclose: (i) that demand for the Company's herbicide products was substantially declining as competition from Chinese producers of generic glyphosate products was causing a collapse in the prices of glyphosate products; (ii) that the Company would be unable to maintain herbicide prices as defendants knew that they had to cut prices significantly to be able to compete with the avalanche of generic herbicide products that were entering the market; and (iii) that, as a result of the foregoing, defendants' positive statements about the Company, its earnings, prospects and financial condition were lacking in a reasonable basis and materially misleading.

On May 27, 2010, the Company announced that it was "dramatically" repositioning its Roundup$^{(R)}$ business, lowering its full-year 2010 guidance to $2.40 to $2.60 a share from $3.10 to $3.30 a share, and lowering its free cash flow guidance.  The Company also announced that its guidance for Roundup$^{(R)}$ and other glyphosate-based products was now $50 to $200 million, down from $600 million on April 7, 2010.  On this news, the Company's stock price fell from a price of $52.66 prior to the announcement to close at $50.27 on extremely heavy volume.

**III.    ARGUMENT**

    **A.    The Pension Fund Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).

First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). This notice should advise class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff within 60 days of publication of the notice. Here, notice was published on July 29, 2010, on *Business Wire* in connection with the filing of the first-filed action. *See* Declaration of Brian O. O'Mara in Support of Policemen's Annuity and Benefit Fund of Chicago's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel ("O'Mara Decl."), Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

    (aa) has either filed the complaint or made a motion in response to a notice . . .;

    (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

    (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). The Pension Fund meets each of these requirements and should therefore be appointed as lead plaintiff.

### 1. This Motion Is Timely

The notice of the pendency of the action was published on July 29, 2010, and informed class members of the 60-day deadline to move for appointment – September 27, 2010. *See* O'Mara Decl., Ex. A; 15 U.S.C. §78u-4(a)(3)(A). The Pension Fund, therefore, has timely filed its motion. *Id.* In addition, the Pension Fund has submitted a sworn certification confirming its willingness and ability to serve as lead plaintiff. *See* O'Mara Decl., Ex. B. Thus, the Pension Fund has complied with the PSLRA's first requirement and is entitled to be considered for appointment as lead plaintiff.

### 2. The Pension Fund Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, the Pension Fund lost more than $1.8 million due to defendants' misconduct. *See* O'Mara Decl., Exs. B-C. To the best of its knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest. "In this regard, [the Pension Fund] is the type of large, institutional lead plaintiff envisioned by Congress when the PSLRA was enacted." *W. Wash. Laborers-Employers Pension Trust*, 2008 U.S. Dist. LEXIS 48043, at *3-*4. Therefore, the Pension Fund satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. The Pension Fund Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Of Rule 23(a)'s four prerequisites to class certification, "the presumptive lead plaintiff 'need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23.'" *Minn. Firefighters' Relief Ass'n v. MEMC Elec. Materials, Inc.*, No. 4:08-CV-1411 (CEJ), 2008 U.S. Dist. LEXIS 104033, at *4-*5 (E.D. Mo. Dec. 12, 2008) (Jackson, J.) (citation omitted); *see also W. Wash. Laborers-Employers Pension*

*Trust*, 2008 U.S. Dist. LEXIS 48043, at *4 (referencing typicality and adequacy requirements during lead plaintiff inquiry).

The adequacy and typicality requirements "'serve as guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" *Amchem Prods. v. Windsor*, 521 U.S. 591, 626 n.20 (1997) (citation omitted). "Typicality under Rule 23(a)(3) means that there are 'other members of the class who have the same or similar grievances as the plaintiff.'" *Alpern v. UtiliCorp United*, 84 F.3d 1525, 1540 (8th Cir. 1996) ("The burden is 'fairly easily met so long as other class members have claims similar to the named plaintiff.'") (citations omitted). The adequacy requirement is satisfied where: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no antagonism between the interests of the proposed lead plaintiff and the other members of the class; and (3) the proposed lead plaintiff has sufficient interest in the outcome to ensure vigorous advocacy." *Minn. Firefighters' Relief Fund*, 2008 U.S. Dist. LEXIS 104033, at*6-*7.

The Pension Fund satisfies these requirements because, just like all other class members, it purchased Monsanto publicly-traded common stock during the Class Period in reliance upon the alleged materially false and misleading statements issued by defendants and suffered damages thereby. *See* O'Mara Decl., Ex. B; *Alpern*, 84 F.3d at 1540. Thus, the Pension Fund's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

The Pension Fund's interests are aligned with the interests of the class because, like all members of the class, the Pension Fund suffered from the artificial inflation in the price of Monsanto publicly-traded common stock and would benefit from the same relief. The Pension Fund's $1.8 million loss also demonstrates a sufficient interest in this action to ensure vigorous advocacy and

- 5 -

there also is no evidence of antagonism between the Pension Fund and the class. Finally, as explained below, the Pension Fund's proposed lead counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. As such, the Pension Fund has demonstrated adequacy at this preliminary stage. *Minn. Firefighters' Relief Fund*, 2008 U.S. Dist. LEXIS 104033, at*6-*7.

Thus, the Pension Fund satisfies the requirements of Fed. R. Civ. P. 23 for the purposes of this Motion.

### B.  The Court Should Approve the Pension Fund's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Here, the Pension Fund has selected Robbins Geller to serve as lead counsel and Shamberg Johnson to serve as liaison counsel. *See* O'Mara Decl., Exs. D-E. Robbins Geller is one of the nation's leading securities law firms and is regularly appointed as lead counsel by courts around the country and in this District. *See, e.g.*, *W. Wash. Laborers-Employers Pension Trust*, 2008 U.S. Dist. LEXIS 48043, at *4-*5 (noting that Robbins Geller attorneys "ha[ve] significant experience litigating securities class actions and possess[] ample resources to manage the class litigation and protect that class's interests" and that lead plaintiffs are "'free to choose whomever they wish to represent them locally'") (citation omitted). Accordingly, the Pension Fund's selection of counsel should be approved. *See id.* (approving institutional investor's selection of Robbins Geller attorneys as counsel).

### IV.  CONCLUSION

For all the foregoing reasons, the Pension Fund respectfully requests that the Court: (i) appoint the Pension Fund as Lead Plaintiff in the above-captioned action; (ii) approve its selection of

Lead and Liaison Counsel as set forth herein; and (iii) grant such other relief as the Court may deem just and proper.

DATED: September 27, 2010  Respectfully submitted,

SHAMBERG, JOHNSON & BERGMAN, CHTD.
LYNN R. JOHNSON
Missouri Bar No. 41395
JOHN M. PARISI
Missouri Bar No. 36422
DOUGLAS R. BRADLEY
Missouri Bar No. 58754


                    s/ JOHN M. PARISI
                    JOHN M. PARISI

2600 Grand Boulevard
Kansas City, MO 64108-4627
Telephone: 816/474-0004
816/474-0003 (fax)

[Proposed] Liaison Counsel

ROBBINS GELLER RUDMAN & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
BRIAN O'MARA
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiff

- 7 -

CERTIFICATE OF SERVICE

     I hereby certify that on September 27, 2010, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

     I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on September 27, 2010.

     s/ JOHN M. PARISI
     JOHN M. PARISI

     SHAMBERG, JOHNSON & BERGMAN, CHTD.
     2600 Grand Boulevard
     Kansas City, MO 64108-4627
     Telephone: 816/474-0004
     816/474-0003 (fax)

     E-mail:  jparisi@sjblaw.com

579827_1

## Mailing Information for a Case 4:10-cv-01380-CDP

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ben M. Germana**
  bmgermana@wlrk.com

- **Richard B. Hein**
  rhein@heinlegal.com,rickhein86@hotmail.com

- **Eric D. Holland**
  eholland@allfela.com,lmarburger@allfela.com

- **Jonathon R. La Chapelle**
  jrlachapelle@wlrk.com

- **Justine N. Margolis**
  jnmargolis@sonnenschein.com,stlouisdocket@sonnenschein.com,ddoerr@sonnenschein.com

- **John M. Parisi**
  jparisi@sjblaw.com,lisam@sjblaw.com,ljohnson@sjblaw.com,jillc@sjblaw.com,BOMara@rgrdlaw.com,lisad@sjblaw.com,dbradley@sjblaw.com

- **Eric M. Roth**
  emroth@wlrk.com

- **Stephen H. Rovak**
  srovak@sonnenschein.com,stlouisdocket@sonnenschein.com,jwiley@sonnenschein.com,ddoerr@sonnenschein.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Brian O. O'Mara
ROBBINS AND GELLER, LLP
655 W. Broadway
Suite 1900
San Diego, CA 92101
```