UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROCHESTER LABORERS ) <br> PENSION FUND, individually ) <br> and on behalf of all others similarly ) <br> situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MONSANTO COMPANY, et al., ) <br> ) <br> Defendants. ) | Case No. 4:10CV1380 CDP |

## **MEMORANDUM AND ORDER**

Defendants move to consolidate this securities class action lawsuit with a shareholder derivative action pending before the Honorable Henry E. Autrey. Plaintiff opposes consolidation.[1] The motion will be denied.

This lawsuit brings class-wide securities claims against Monsanto and several of its senior managers on behalf of persons who purchased or acquired the common stock of Monsanto Company between January 7, 2009 and May 27, 2010. Plaintiff alleges violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5. About one month after this case was filed, a shareholder

---

[1]The plaintiff in Judge Autrey's case, Paul Kurland, also opposes consolidation, but does not object to transfer of Judge Autrey's case to me and pre-trial coordination.

derivative action was filed in this Court and randomly assigned to Judge Autrey.[2] As a derivative action, the case is brought on behalf of Monsanto and asserts state law claims for breach of fiduciary duty against Monsanto officers and directors.

Rule 42(a) of the Federal Rules of Civil Procedure governs consolidation of cases and provides as follows:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). The Court has broad discretion to order consolidation. See Enterprise Bank v. Saettele, 21 F.3d 233, 235 (8th Cir. 1994). The threshold issue is whether the proceedings involve a common party and common issues of fact or law. Id. Consolidation is inappropriate if it causes confusion or leads to delay, inefficiency, inconvenience, or unfair prejudice to a party. EEOC v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998).

Defendants have failed to demonstrate that consolidation is appropriate. The two cases have different procedural and substantive requirements,[3] so consolidation would likely delay proceedings and lead to confusion and

---

[2]The case is styled Kurland v. Atlee, et al., Cause Number 4:10CV1605 HEA.

[3]This case is governed by the Private Securities Litigation Reform Act of 1995 (PSLRA),; Judge Autrey's case is not.

inefficiency.  The cases also name different defendants.  Consolidation might result in inconvenience or even unfair prejudice to some parties.  Under these circumstances, the Court declines to consolidate this securities action with Judge Autrey's derivative action.  See <u>In re Bear Sterns Companies, Inc. Securities, Derivative, and Employee Retirement Income Security Act (ERISA) Litigation</u>, 2009 WL 50132, *5 (S.D.N.Y. Jan. 5, 2009)(declining to consolidate securities and derivative claims and noting that majority of courts find that these types of actions should proceed separately).

Defendants alternatively seek transfer of Judge Autrey's case to me for coordination of pre-trial proceedings.  While some pretrial coordination makes sense, transfer is unnecessary to achieve this goal.  The parties may agree to coordinate discovery in both cases, and I encourage them to do so whenever possible.

Finally, the Court has before it several motions for appointment of lead plaintiff and lead counsel.  Although one movant has requested oral argument, I intend to decide this issue on the motion papers as soon as practicable after the issue is fully briefed.  Therefore if plaintiff, as the filer of this complaint, intends to ask the Court for appointment as lead plaintiff, it should file the appropriate supporting documentation for the Court's consideration by October 4, 2010.

Failure to do so will be deemed a waiver of its right to request appointment as lead plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for consolidation [#19] is denied.

**IT IS FURTHER ORDERED** that plaintiff shall file any documentation supporting a request for appointment as lead plaintiff by October 4, 2010. Failure to timely comply with this Order will result in a waiver of its right to request appointment as lead plaintiff.

**IT IS FURTHER ORDERED** that any opposition to motions for appointment as lead plaintiff must be filed by **October 14, 2010**, and any reply briefs are due by **October 24, 2010.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 28th day of September, 2010.