UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROCHESTER LABORERS PENSION FUND, individually and on behalf of all others similarly situated, <br><br>           Plaintiff, <br><br>     vs. <br><br> MONSANTO COMPANY, et al., <br><br>           Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) )  Case No. 4:10CV1380 CDP |

# **MEMORANDUM AND ORDER**

This matter is before me on plaintiff's motion to supplement the record. Defendants' motion to dismiss the second amended complaint is pending before me, and plaintiff moves to "supplement the record" with allegations and evidence that: Monsanto is currently being investigated by the Securities and Exchange Commission for its customer incentive programs relating to its glyphosate products in fiscal years 2009 and 2010; Monsanto recently disclosed that it would restate portions of its financial statements related to the accounting for customer incentive programs for glyphosate products from the fourth quarter of fiscal year 2009 through the third quarter of fiscal year 2011; on October 5, 2011, Monsanto disclosed gross profit guidance of approximately $6.5 billion for fiscal 2012; and,

on November 14, 2011, Monsanto filed its restated financial results for its 2009 and 2010 fiscal years and certain quarters of its fiscal 2011 with the SEC. Plaintiff argues that "the scope and nature of the SEC's investigation and Monsanto's restatement relating to glyphosate sales further support the complaint's allegations of falsity and scienter and demonstrate that these financial statements were materially false and misleading at the time they were filed with the SEC." Plaintiff contends that the time frame being investigated by the SEC substantially overlaps the class period, and that the investigation and restatement concern glyphosate, a core focus of plaintiff's allegations.

    Defendants oppose this motion as an improper attempt to amend the complaint without actually seeking leave to do so, and I agree. Plaintiff now appears to be challenging Monsanto's customer incentive programs for glyphosate and the accounting methods used to account for them as false and misleading, but the operative complaint is devoid of such allegations. Plaintiff's allegations and proposed evidence put new statements at issue and raise new issues of falsity, materiality, and scienter. It is improper for me to consider this evidence in the manner requested by plaintiff.

    However, plaintiff is not precluded from presenting these allegations and supporting evidence to me through a motion to amend the complaint. Although

this case and the pending motion to dismiss are undoubtedly already complex, neither the parties nor the interests of judicial economy are served if plaintiff waits to seek leave to amend only after I issue my ruling on the motion to dismiss. Therefore, if plaintiff intends to ask the Court to consider the new evidence and allegations it must notify the Court of its intention to seek amendment by Tuesday, January 11, 2012.  Any motion to amend and accompanying proposed amended complaint must be filed by Friday, January 20, 2012.  Plaintiff will be deemed to waive its right to seek amendment if it fails to do so in compliance with this Memorandum and Order, and I will decide the pending motion to dismiss based solely on the materials previously filed and without consideration of the evidence submitted in plaintiff's motion to supplement.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to supplement the record [#68] is denied.

**IT IS FURTHER ORDERED** that, **no later than January 11, 2012, plaintiff shall file a written memorandum advising the Court whether it intends to seek leave to amend the second amended complaint.  Plaintiff waives its right to seek amendment if it fails to comply with this Memorandum and Order.**

**IT IS FURTHER ORDERED** that any motion for leave to amend and accompanying proposed amended complaint must be filed by **Friday, January 20, 2012.**  Defendants shall file any opposition to the motion to amend by **January 30, 2012**, and any reply brief shall be filed by plaintiff no later than **February 6, 2012.  The standard page limitations shall apply.**

 

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 5th day of January, 2012.